UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-0062-PA (AS)** | | Date | March 9, 2026 |
|---|---|---|---|---|

| Title | **Obid Abdulkarim Alobid v. David A. Marin, et. al.,** | | Page | 1 of 2 |
|---|---|---|---|---|

Present: The Honorable    UNITED STATES MAGISTRATE  JUDGE ALKA SAGAR

| Alma Felix | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER DENYING MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM [ECF NO. 3]**

Petitioner, an immigration detainee who is proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and also filed a Motion for Leave to Proceed Under a Pseudonym.  (Docket ("Dkt.") Nos. 1, 3).

"As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'" United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting United States v. Doe, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007)); see also Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names.").  A party's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings, and [Fed. R. Civ. P.] 10(a)'s command that the title of every complaint 'include the names of all the parties[.]'"  Does I Through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).  Nevertheless, the Ninth Circuit has "allowed the use of pseudonyms in exceptional cases where necessary 'to protect a person from harassment, injury, ridicule or personal embarrassment.'"  Doe v. Holder, 736 F.3d 871, 872 n.1 (9th Cir. 2013) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); Does I Through XXIII, 214 F.3d at 1067-68.  "When a party requests 'Doe' status, the factors to be 'balance[d] . . . against the general presumption that parties' identities are public information,' are: '(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation.'"  Doe v. Ayers, 789 F.3d 944, 945 (9th Cir. 2015) (quoting Does I Through XXIII, 214 F.3d at 1068).  The party seeking anonymity has the burden of proving it should be allowed to proceed anonymously.[1]  Doe, 596 F.3d at 1043; Stoterau, 524 F.3d at 1013.

---

[1] A motion to proceed anonymously is non-dispositive.  Doe, 596 F.3d at 1041 n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-0062-PA (AS)** | Date | March 9, 2026 |
|---|---|---|---|

| Title | **Obid Abdulkarim Alobid v. David A. Marin, et. al.,** | Page | 2 of 2 |
|---|---|---|---|

Petitioner seeks to proceed anonymously because he is a convicted sex offender who believes he may face danger in his country of origin – Syria – if removed there.  (Motion at 2). However, the nature of Petitioner's criminal conviction is insufficient by itself to warrant Petitioner's use of a pseudonym in these proceedings.  See Stoterau, 524 F.3d at 1013 ("If the nature of Stoterau's offense alone could qualify him for the use of a pseudonym, there would be no principled basis for denying pseudonymity to any defendant convicted of a similar sex offense.  Such a significant broadening of the circumstances in which we have permitted pseudonymity is contrary to our long-established policy of upholding 'the public's common law right of access to judicial proceedings,' and contrary to our requirement that pseudonymity be limited to the 'unusual case.'" (citations omitted)).  And while "'retaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously[,]'" N.Y.V.D. v. Santracruz, 2026 WL 42675, *1 (C.D. Cal. 2026) (quoting Poozesh v. Pompeo, 2019 WL 6052363, *2 (E.D. Cal. 2019)), Petitioner's conclusory and unsupported assertion that he may face danger if removed to Syria is insufficient to meet his burden of establishing he should be allowed to proceed anonymously in this action.  See Roe v. Skillz, Inc., 858 F. App'x 240, 241-42 (9th Cir. 2021) (affirming denial of a motion to proceed under a fictitious name when plaintiff offered only "conclusory and general statements without explanation or support"); N.Y.V.D., 2026 WL 42675 at *1 (denying motion to proceed anonymously because the petitioner "failed to provide any evidence to rebut the general presumption against anonymity"); Guven v. Jaddou, 2022 WL 22969356, *2 (C.D. Cal. 2022) (A "conclusory allegation[] without supporting evidence is insufficient to demonstrate Plaintiff's need for anonymity.").

Accordingly, Petitioner's Motion for Leave to Proceed Under a Pseudonym (Dkt. No. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED**.